1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its JOINT BOARD OF TRUSTEES; LES PROTEAU and CHARLES DEL MONTE, TRUSTEES,<br><br>Plaintiffs,<br><br>v.<br><br>PERSE CONSTRUCTION COMPANY, a California corporation; and SEYED AMIR HOSSEIN ABBASI, individually,<br><br>Defendants. | Case No.: C11-5508 YGR<br><br>**REQUEST TO CONTINUE DEADLINE TO FILE MOTION FOR DEFAULT JUDGMENT PURSUANT TO COURT ORDER [*docket #22*]; _AND_ DATE OF COMPLIANCE HEARING; DECLARATION OF MICHELE R. STAFFORD IN SUPPORT THEREOF; ORDER RE SAME**<br><br>Date(s):    May 24, 2012; June 8, 2012<br>Time(s):    N/A; 9:01 a.m.<br>Location:   1301 Clay Street<br>            Oakland, California 94612<br>Judge:      Yvonne Gonzales Rogers |
|---|---|

Plaintiffs respectfully request that the deadline to file a Motion for Default Judgment, _and_ the date set for a Compliance Hearing (June 8, 2012) both be continued for approximately thirty (30) days, as follows:

1.      On April 24, 2012, this Court issued an Order of Reference and Setting Compliance Conference [*docket #22*], ordering Plaintiffs to file a Motion for Default Judgment within thirty (30) days of the date of that Order.

2.      The initial Complaint was filed for delinquent contributions owed for the months of June and September, 2011. Shortly after the Complaint was filed and served, Defendants submitted the missing reports, and paid contributions reported as due for these months. In addition to what was due for June and September, 2011, Defendants had been audited by the Trust

Fund. There was overlap between what was found as owed on audit, and what was subsequently reported by Defendants. Accordingly, the Trust Fund had to analyze both the audit and contribution reports, breaking it down by hour, by employee, comparing the hours found due on audit to what was actually reported. Unfortunately, Defendants had erroneously reported September, 2011 hours, sending a Southern California report to the Northern California Trust Fund office. As expected, there was confusion regarding allocation of what was found on audit, what was reported, what was paid and what ultimately should have been due to the Northern California Trust Funds.

3. While waiting for the Trust Fund office to complete their internal audit and allocation, Plaintiffs corresponded with Defendants to pay the amounts that were known to be due, including liquidated damages, interest, fees and costs. At that time, Defendants refused (and still apparently refuse) to pay the remainder due, despite repeated demands.

4. To complicate things further, during the time that the review and allocation was taking place, Defendants erroneously paid May 2011 contributions *again* in December 2011 (thus paying that month twice), therefore pursuant to Trust Fund policy, the balance submitted was posted as a credit.

5. Defendants thereafter incurred additional shortages for the subsequent months; therefore the credit was reduced by the shortages.

6. The original audit revealed $2,319.19 due in under-paid contributions for the period of March 1, 2011 through September 30, 2011. This amount was later reduced, once it became clear that the September 2011 hours were for Southern California members, and thus were not due to the Northern California Trust Funds; and reduced AGAIN as a payment was made for June 2011 once the lawsuit was filed. A portion of the credit on Defendants' account (see paragraph 4 above) was then applied to the audit to pay off the remaining balance due. The audit was thus resolved.

7. While this was occurring, Defendants became further delinquent by failing to report or pay contributions due for January through March 2012. Plaintiffs are still in the process of calculating the remaining balance of the credit to ensure that the funds are allocated correctly to

1  the balances due (including additional contributions now due, plus liquidated damages, interest
2  and attorney's fees and costs) before preparing a Motion for Default Judgment.

3      8.    Due to Defendants' repeated misreporting and / or double payments, the review and
4  allocation has taken longer than expected.  Plaintiffs do not want to rush to file the Motion to meet
5  the Court's deadline, as the final credit allocation is incomplete, and Plaintiffs want to ensure that
6  the amounts claimed due are fully updated and accurate.

7      9.    Therefore, Plaintiffs respectfully request that the Court continue the deadline to file
8  a Motion for Default Judgment for thirty (30) days, and further extend the date set for the
9  Compliance hearing for thirty (30) days to allow sufficient time for the fund administrator to
10 calculate and confirm the amount of the credit on Defendants' account and Plaintiffs to prepare
11 and file a Motion for Default Judgment.  Plaintiffs will file the Motion as soon as the administrator
12 finishes the calculations, and will most certainly have the Motion on file within the thirty (30)
13 days requested.  Plaintiffs appreciate the Court's consideration of this request.

14     I declare under penalty of perjury that I am the attorney for the Plaintiffs in the above-
15 entitled action, and that the foregoing is true to the best of my knowledge and belief.

16     Executed this 22nd day of May, 2012 at San Francisco, California.

                                              SALTZMAN & JOHNSON
                                               LAWCORPORATION

                            By:    _____/s/_____
                                    Michele R. Stafford
                                    Attorneys for Plaintiffs

**1**

<u>ORDER</u>

**2**

The deadline to file a Motion for Default Judgment in this action is hereby continued to

**3** Monday, June 25, 2012; and the Compliance Hearing is hereby continued to Friday, July 13, 2012.

**4** If compliance is not complete, Plaintiffs shall file a one page statement, no less than five (5)

**5** business days prior, setting forth their explanation regarding the failure to comply.

**6**

**7** Dated: May 23, 2012                          _____

**8**                                            YVONNE GONZALEZ ROGERS
                                            UNITED STATES DISTRICT COURT JUDGE

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**